No. 2584

Second Circuit

---

WATKINS v. ROACH

---

(May 7, 1926, Opinion and Decree)
(June 2, 1926, Rehearing Refused)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest—Master and Servan** **Par. 160 (a), 160 (j).**

Where the defense in a workmen's com pensation case under Act No. 20 o

1914 is that the injury complained of was caused by the intoxication of the employee, the burden of proof under Section 28 of Act No. 20 of 1914 is on the employer to show that the injury was caused by the intoxication of the employee.

2. **Louisiana Digest—Master and Servant —Par. 160 (j).**

Where there is evidence to show that an injured employee was intoxicated to some extent when he was injured but no evidence to show that the injury was due to the intoxication, the burden of proof under Section 28 of the Workmen's Compensation Act 20 of 1914 being on the employer there must be judgment for the plaintiff.

3. **Louisiana Digest—Master and Servant —Par. 154.**

The Employers' Liability Act should not be strictly construed in favor of the employer but rather liberally in favor of the employee.

Appeal from the Seventh Judicial District Court of Louisiana, Parish of Concordia, Hon. R. M. Taliaferro, Judge.

Action by Willie Watkins against T. W. Roach. There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Hugh Tullis of Vidalia, attorney for plaintiff, appellee.

Dale, Young and Dale, of Vidalia, attorneys for defendant, appellant.

ODOM, J.    The defendant was a contractor and was engaged in constructing or enlarging a public levee near Ferriday in the Parish of Concordia.

In the construction of the levee he used what was called a "drag-line", operated by a steam engine.

The plaintiff, along with others, was employed by him to operate the "drag-line", and while at work operating said "drag-line" plaintiff got his left hand caught between the wheels of the machine and the rails on which it ran, resulting in his hand being crushed so that he lost the third and fourth fingers of that hand, and his second, or middle, finger was mashed and badly injured.

He brought this suit under the Workmen's Compensation Act (Act 20 of 1914 and amendments) to recover sixty-five per cent of his wages for sixty weeks and $250.00 for medical and surgical expenses.

The defense is that plaintiff was not injured to the extent alleged and "that the injury was caused by plaintiff's intoxication at the time of the injury".

There was judgment in the lower court in favor of plaintiff for $100.00 for medical expenses and for $9.75 a week for forty weeks for the loss of two fingers; and defendant appealed.

Plaintiff did not appeal, nor has he moved in this court for an amendment of the judgment.

## OPINION

It is admitted that plaintiff was receiving $15.00 per week at the time he was injured, and the fact that his injury resulted in the loss of the third and fourth fingers of the left hand, and that he incurred medical and surgical expenses amounting to $100.00, is not disputed.

Section 8 of Act 20 of 1914, as amended by Act 216 of 1924, provides that for the loss of any other finger than the first the employee shall receive sixty-five per centum of his wages during twenty weeks.

The plaintiff has lost two fingers, and is therefore entitled to sixty-five per centum of his wages for forty weeks.

He is also entitled, of course, to the $100.00 medical and surgical expenses incurred on account of the injuries.

He brought this suit for sixty-five per centum of his wages for sixty weeks predicated upon the theory that he had lost the middle finger of the left hand. The testimony is conflicting as to the condition of the middle finger at the time of the trial, one of the physicians saying that it was injured to such an extent that it could be of no further use, and the other physician stating that, in his opinion, the plaintiff would gain practically normal use of that finger by exercise.

The judge of the lower court refused to allow compensation on account of this finger, and inasmuch as plaintiff did not appeal and has not moved for an amendment of the judgment, further discussion of the case on this point is unnecessary.

The main defense urged by counsel for defendant is, that the accident was caused by plaintiff's intoxication.

Section 28 of Act 20 of 1914 provides that no compensation shall be allowed for an injury caused by the injured employee's intoxication at the time of the injury, and further provides, in paragraph 2 thereof, as follows:

"In determining whether or not an employer shall be exempt from and relieved of paying compensation because of injury sustained by an employee for the causes and reasons set forth in this section, the burden of proof shall be upon the employer."

We think the testimony establishes the fact that the plaintiff, at the time he received the injury of which he complains, was, to some extent, intoxicated; but the the extent of his intoxication is not made clear.

The plaintiff himself testified that he was not intoxicated to any extent, in fact, he said he had not drunk any intoxicant at all.

However, all of the witnesses who testified in the case were convinced that he had been drinking and that he was under the influence of intoxicating liquor both previous to and subsequent to the accident.

Mr. E. H. Hayes, one of the witnesses, did not see plaintiff just prior to the accident but saw him shortly thereafter, and testifies that he smelled liquor about him, and that plaintiff told him that he had taken a drink or two of whiskey. He further testified that he had heard plaintiff tell other persons that he was drinking on that occasion, which statements, he said, were made in the doctor's office in the presence of himself, the doctor and possibly others.

Doctor Stewart, who attended plaintiff immediately after the accident, testified that he was under the influence of intoxicating liquor; that he could not say he was absolutely drunk but "he had quite a bit of whiskey"; and says, further, that he was unable to walk straight and was groggy and drowsy.

Mr. C. L. Malloure saw plaintiff three-quarters of an hour after the injury, and says that he acted as though he were drunk and in a kind of stupor, and at that time could not walk straight; and says, further, that plaintiff admitted to him that he was drinking.

Mr. L. L. Whitmore, who operated the "drag-line", testified that he saw plaintiff about two minutes after the accident. He said that he had no proof that plaintiff was intoxicated, except that he smelled whiskey on his breath. He said, further, that plaintiff could not walk straight and had to be assisted into an automobile in order to be carried to the physician's office. He testified that he was working in close proximity to where plaintiff was injured and that he saw he was somewhat drowsy.

Our conclusion, therefore, is, that plaintiff, on the occasion of the injury, was intoxicated to some extent. However, it may be that his groggy, drowsy condition immediately following the accident was due to some extent to the shock resulting from the injury.

But whether plaintiff was in an intoxicated condition at the time of the injury, we think makes no difference for the reason that there is no testimony that plaintiff's intoxication caused the injury.

The record is bare of any explanation as to just how the accident happened. Plaintiff himself made no explanation of it, and while there were four men working with him at the time they were not called as witnesses.

The foreman stated that he had been working within about thirty feet of plaintiff for several hours, but he did not see the accident, and did not see plaintiff to take notice of the injury until two minutes after the accident happened. He stated, however, that he had seen him and had noticed him at frequent intervals for several hours just previous to the accident.

The fact that the foreman was on the work and had seen plaintiff, indicates that he did not consider him intoxicated to such an extent that he could not perform efficiently the duties for which he was employed. It would seem reasonable that if plaintiff was intoxicated to such an extent that he could not perform his work the foreman would have ordered him to cease.

The compensation act, as quoted above, specifically provides that the burden of proof shall be upon the employer to show that the injury was caused by the intoxication.

The defendant has failed to discharge this burden.

If the court should hold that plaintiff is not entitled to compensation, it would have to assume that plaintiff's intoxication caused the injury. We cannot assume that, under the plain letter of the statute to the effect that the burden of proof on that particular point is upon the defendant.

Counsel for defendant, in oral argument before the court and in brief, contend that the intent of the statute was to discourage laborers from drinking intoxicants while on duty, and further contend that the fact of intoxication bars the employee from compensation in case of injury while in that condition.

But that is not what the statute provides. The act specifically states that the

employee shall not be entitled to compensation ·if his injury is caused ·by his intoxication.    ·

It ·is altogether possible for·an employee to perform labor while under the influence of intoxicating liquor.   It is only in cases where the intoxication causes the injury that the employee is barred compensation.

In this case there is no proof that the plaintiff's intoxication caused the injury.

The employer's liability act should not be construed strictly ·in favor of the employer but rather liberally in favor of the employee.

Jones vs. Powell Lumber Co., 156 La. 769, 101 South. 135.    ·

Finding no error in the judgment appealed from, it is therefore affirmed, with costs.