**HALL v. A. & B. PIPE & SUPPLY CO., Inc.**
No. 4993.

Court of Appeal of Louisiana.
Second Circuit.
March 8, 1935.

Geo. T. McSween, of Shreveport, for appellant.

Lester Wilson, of Shreveport, for appellee.

TALIAFERRO, Judge.

Plaintiff's left arm was injured when the truck he was driving collided with a concrete post on the highway, twelve miles east of Marshall, Tex., and turned over. He was then, and had been for some two years prior, in the employ of defendant, and was returning from Kilgore, Tex., to which place he had hauled and delivered a load of oil-well piping for defendant. He sues for compensation at the rate of $11.31 per week for 400 weeks, and for medical expenses incurred in treating his injury, averring that his disability is total and permanent.

Defendant, while admitting plaintiff was in its employ at the time of the alleged injury and that he had been on a mission for it, denied that he suffered the character of injury complained of and, of course, denied that such injury was total and permanent. It is specially set up that when the truck collided with the post, plaintiff, who was then driving, was in a state of intoxication and drunkenness, and that because of this condition he willfully and deliberately ran into and hit said post, causing the truck to turn over and the injury to his arm; that on two other occasions, when intoxicated, plaintiff wrecked its trucks while driving same; that after said accident, on account of plaintiff's financial circumstances and the need his family had for such income as he earned, he was given employment in defendant's yards at the same wage pay he had been earning while operating its truck; but that he continued to drink intoxicating liquors and become intoxicated while at work, and for this reason, in May, following the accident on November 19, 1933, he was dismissed from its employ.

Plaintiff's suit was dismissed by the lower court and his demands rejected. He has appealed to this court.

The trial judge evidently sustained defendant's special defense; that is, held that plaintiff was intoxicated when injured and that this condition was the cause of the accident resulting in the injury of his arm. The burden of establishing this defense rested upon defendant. Section 28 of Act No. 20 of 1914; Watkins v. Roach, 4 La. App. 258; Evans v. Louisiana Gas & Fuel Company, 19 La. App. 529, 140 So. 245.

No doubt rises from the testimony in the case that plaintiff is given to the unfortunate habit of imbibing too freely of strong drink, and that he often allowed himself to become intoxicated while engaged in the performance of duties to his employer of such a hazardous character (the driving of heavily loaded trucks on the public highways), and that absolute sobriety was necessary to the efficient discharge of such duties. We are also satisfied that he was intoxicated when the accident happened and that he drove the truck into the concrete post willfully, per-

haps believing it was a man who would not move from the truck's path of travel.

When the accident happened, a friend of plaintiff's, by the name of M. J. Bamburg, was riding in the truck with him, and fifteen days before the case was tried, he voluntarily executed an affidavit incorporating the facts of the collision, which we copy in part, to wit:

"* * * After leaving Shreveport, Hall started drinking and by the time he reached Kilgore, he was drunk and intoxicated to such an extent that I had to transact his business for his employer, making delivery of the pipe and getting the tallies. On the way back to Shreveport I knew that Hall was drunk and tried to get him to let me drive the truck, but he would not do so. A short distance from Marshall, Texas, we were passing some trucks and there was a white post on the side of the road, Hall blew the horn and saw the post, but said that it looked like a man walking down by the side of the road and said that he was going to have to knock him out of the way for he was not going to stop. I told Hall that it was a post and warned him not to hit it. The truck then hit the post and turned over. I obtained assistance and got the truck back on the road and insisted on myself driving this truck in and did so. A few days after the wreck Hall started back to work and worked with this company until he was discharged. Since this accident happened I have seen Hall about once or twice a week and he has never complained of any pains, injury or suffering. Apparently he is a pretty consistent drinker."

Some time after the accident, plaintiff told another friend that he was drunk as a "wild cat" when he ran the truck into the post; that he saw the post and it looked like a man; and that he would not get over, and he remarked, "I am going to knock him over."

Plaintiff, as a witness in his own behalf, stated that he was not drunk when the accident occurred and that he was crowded off of the road by a large bus, the lights of which blinded him, and ran into the post. Bamburg, the man who made the affidavit above quoted, corroborated, as a witness, plaintiff's version of the accident, and stated that he never made a statement about the accident of the import of the affidavit he signed. It is asserted by defendant's counsel in oral argument and in brief, and not denied, that this witness married plaintiff's daughter the day following the trial. It is shown that he did relate the facts of the collision as disclosed by the affidavit; that he heard it dictated, read same before signing it, and signed same freely before a notary public. There is no suggestion or intimation why he would not then have given a truthful version of the facts of which he had personal and intimate knowledge. There is apparent a reason why he would be disposed, on the day of trial, one day before marrying plaintiff's daughter, to repudiate the affidavit and testify falsely in an effort to help plaintiff win his case.

There is certainly no manifest error in the judgment appealed from, and it is affirmed.