404 So.2d 1355 (1981)
M. C. O'NEAL, Plaintiff-Appellant,
v.
HOME INSURANCE COMPANY, Defendant-Appellee.
No. 14651.
Court of Appeal of Louisiana, Second Circuit.
October 7, 1981.
Rehearing Denied November 6, 1981.
*1356 Ike F. Hawkins, Jr., Shreveport, for plaintiff-appellant.
Lunn, Irion, Switzer, Johnson & Salley by Frank M. Walker, Jr., Shreveport, for defendant-appellee.
Before HALL, MARVIN and JASPER E. JONES, JJ.
En Banc. Rehearing Denied November 6, 1981.
HALL, Judge.
In this workmen's compensation suit the district court found that the plaintiff's accidental injury was caused by his intoxication at the time of the injury, barring recovery of compensation benefits under LSA-R.S. 23:1081.[1] Plaintiff appealed.[2]
On appeal the plaintiff specifies that the trial court erred: (1) in failing to apply the doctrine of estoppel to the defense of intoxication because of the employer's long-standing knowledge relating to the plaintiff's daily consumption of alcoholic beverages; and (2) in placing upon the plaintiff the burden of proving he was not intoxicated at the time of the accident and the additional burden of proving that intoxication was not the cause of the accident and resulting injuries.
After a review of the evidence we find that although the evidence supports a finding that plaintiff was intoxicated at the time of the accident, the defendant failed to bear its burden of proving that the accident and resulting injuries were caused by plaintiff's intoxication. Accordingly, we reverse and award benefits.
Plaintiff was an alcoholic who had worked for Louisiana Cotton Oil Company and its predecessor company for about 15 years. Plaintiff's custom, developed over a period of years, was to drink a fifth of Thunderbird wine each morning when he was to work the afternoon shift. On the date of the accident, July 2, 1980, plaintiff was working the afternoon shift and admitted at trial that he drank his usual fifth of wine that morning before reporting for work shortly before 3:00 in the afternoon.
The only evidence as to how the accident occurred is plaintiff's testimony. Plaintiff was working with his supervisor and one *1357 other employee, neither of whom was called to testify. Plaintiff filled a five-gallon bucket with water and spread it over some steps. At about 3:45 or 4:00 he was proceeding down the steps when he slipped or lost his balance and fell, sustaining very serious injuries including a broken hip and broken bones in both arms.
Plaintiff was immediately taken to the hospital for treatment. Plaintiff's blood-alcohol level was tested, revealing an alcohol content of .287 percent. The medical evidence established that an alcohol content of this level in the blood will result in intoxication, even for an alcoholic who has built up a tolerance to alcohol. The medical evidence also established that the effect of this level of alcohol in the blood can vary from person to person, depending upon tolerance and an ability to "hold one's liquor."
The trial court found that plaintiff was intoxicated at the time of the accident and, since plaintiff failed to offer a plausible explanation for the accident other than his intoxication, denied recovery. The court, in effect, placed the burden on the plaintiff to prove a cause of the accident other than intoxication. In this holding, the court erred.
The defendant has the burden of proving both intoxication and that intoxication caused the accident. LSA-R.S. 23:1081. Ray v. Superior Iron Works and Supply Co., Inc., 284 So.2d 140 (La.App. 3d Cir. 1973), writ denied 286 So.2d 365 (La. 1973); Johnson v. G. M. Johnson Lumber Co., 200 So. 48 (La.App. 2d Cir. 1940); Sharbino v. Colfax Lumber & Creosoting Co., Inc., 181 So. 20 (La.App. 2d Cir. 1938); Evans v. Louisiana Gas & Fuel Company, 19 La.App. 529, 140 So. 245 (2d Cir. 1932); Watkins v. Roach, 4 La.App. 258 (La.App. 2d Cir. 1926). If defendant proves intoxication and the accident is of a sort that would not ordinarily happen absent intoxication, then perhaps the burden of proving another cause would shift to the plaintiff.
The accident here was not of that sort. This accident was of a commonplace natureslipping or losing balance while going down wet stairsan accident which occurs with some frequency to even the most sober, careful persons. The accident itself does not infer intoxication as a cause thereof.
In this respect, this case differs from those cited by defendant where the accidents were of a bizarre, unusual nature inferring intoxication as a cause of the victim's behavior and the resulting accident. In Parker v. Krogers, Inc., 394 So.2d 1178 (La.1981), a truck driver failed to see signs warning of road construction and additional warning devices preceding a barricade set up by the Department of Transportation and Development. The truck driver drove through the barricade, collided with a department road repair truck and hit two other state vehicles before coming to rest 330 feet from the barricade. The court concluded that the plaintiff's intoxication caused him to fall asleep at the wheel and, thus, was the proximate cause of the accident. The accident involved in Parker is not the commonplace sort of accident which we are confronted with here.
In Renfroe v. City of New Orleans, 394 So.2d 787 (La.App. 4th Cir. 1981), the widow of a police captain sued his former employer for death benefits under the workman's compensation law. The decedent was driving to his home late at night when his car hit the curbing on the interstate and rolled over the guardrail. Although this accident could have been caused by the decedent's simple negligence, this theory was negated by the testimony of a number of witnesses who had been with the decedent shortly before the accident. The decedent had dinner with a group of people and had been drinking rather heavily. The witnesses testified that the decedent's speech was slurred, that he appeared unsteady and tired, that he was staggering and that his actions were seriously impaired. The court concluded, largely on the basis of this testimony regarding the decedent's physical and mental impairment due to his intoxication, that his intoxication was the cause of the fatal accident. In the instant case, although there is convincing evidence of the plaintiff's intoxication, there is no evidence of unusual behavior generally associated with intoxication leading up to or contributing to the accident.
*1358 In many respects, this case most resembles Watkins v. Roach, supra. There, the plaintiff employee was operating a "drag-line" when his left hand got caught between the wheels of the machine and the rails on which it ran, crushing two of his fingers so badly that amputation of them was required. The evidence was sufficient to establish that the plaintiff was intoxicated to some extent. However, the court found it made no difference whether plaintiff was intoxicated at the time of the accident because there was no evidence that his intoxication caused the injury. In that case, there was no testimony regarding how the accident happened; the four employees working with plaintiff at the time were not called to testify. The foreman of the injured employee had seen the employee prior to the accident and did not require the employee to stop working because he was drunk. In Watkins, as in this case, the defendant failed to discharge its burden of proving that the intoxication of the plaintiff employee caused the accident and resulting injury.
That plaintiff had been an alcoholic for many years and drank a substantial quantity of wine daily was well established by the evidence. Plaintiff's tolerance to alcohol is also demonstrated by the evidence; although he drank a fifth of Thunderbird wine daily before going to work he worked more or less regularly for the same employer for 15 years. The employer testified his regular practice was to send an employee home if he reported to work in an intoxicated condition, and that plaintiff had been sent home on numerous occasions. It is noteworthy that plaintiff was not sent home on the date of the accident although he saw and spoke with two of his supervisors. It is also noteworthy that although plaintiff's supervisor and another employee were present when the accident occurred, neither was called as a witness by the defendant. Presumably, their testimony would not have supported defendant's position that plaintiff's intoxication was the cause of the accident. The defendant's argument that their testimony would have been merely cumulative is without merit.
Since our holding that defendant failed to prove the accident and injuries were caused by plaintiff's intoxication is dispositive of the case, it is unnecessary to consider plaintiff's estoppel argument.
Plaintiff further seeks penalties and attorney fees because of the defendant insurer's arbitrary and capricious failure to pay compensation benefits. Because of the fact that the insurer had information disclosing that plaintiff was intoxicated at the time of the accident and the meager facts available as to how the accident happened, the defendant was entitled to assert its good faith defense and was not arbitrary or capricious in withholding payment of benefits until the issue was settled by judgment. Penalties and attorney fees are not due.
It was stipulated that plaintiff's wage was $3.20 per hour and that his average weekly earnings were $204.80. Although there is some indication from the testimony that some compensation benefits were paid, the amount of any such payments was not established. Neither was the amount of plaintiff's medical expenses established.
For the reasons assigned, the judgment of the district court is reversed. Judgment is hereby rendered in favor of the plaintiff, Willie Gussie Washington as provisional administratrix of the Succession of M. C. O'Neal, and against the defendant, Home Insurance Company, for workmen's compensation benefits in the amount of $136.53 per week commencing July 9, 1980 and continuing through August 12, 1981, with legal interest on each weekly payment from its due date until paid. Defendant is cast for all costs of this proceeding, including the cost of appeal.
Reversed and rendered.

ON APPLICATION FOR REHEARING
Before PRICE, HALL, MARVIN, JASPER E. JONES and FRED W. JONES, Jr., JJ.
FRED W. JONES, Jr., Judge, dissenting from denial of rehearing.
According to the record, at about 10:00 o'clock A.M., on the day of his accident this *1359 worker's compensation claimant consumed a fifth of wine. He went to work at 3:00 o'clock P.M., and the accident occurred some 45 minutes later. Plaintiff was immediately taken to a hospital where a blood test revealed an alcohol content of 0.287%.
The only evidence concerning the manner in which the accident happened was the testimony of plaintiff who stated, in a vague way, that he lost his balance and fell down some steps. However, queried specifically on the details, plaintiff admitted he "didn't really remember how it happened."
Confronted with this evidence the trial judge, in a written opinion, concluded that plaintiff was intoxicated at the time of the accident and rejected his claim, impliedly finding also that his intoxication caused the accident. The trial judge notes that "Mr. O'Neal [plaintiff] nor any other witness gave any plausible explanation for the accident, except the degree of intoxication."
This court seized upon the quoted excerpt from the district judge's opinion to find that he erroneously "placed the burden on the plaintiff to prove a cause of the accident other than intoxication." The lower court judgment was then reversed on the ground that the defendant employer did not prove the accident was caused by plaintiff's intoxication.
I believe this court erred in concluding that the trial judge shifted to plaintiff the burden of proving the accident was not caused by his intoxication. The phrase in the trial court's opinion so interpreted by this court should more reasonably be construed as a determination that, upon the basis of the case presented on behalf of defendant, the burden of going forth with the evidence on this issue shifted to plaintiff. This is a perfectly valid and recognized rule of evidence and its application was fully warranted in this case.
It is in this context that the opinion of this court may be properly viewed, in effect, as a reversal of the trial court on a question of fact without a concomitant finding of manifest error, contrary to the standard of appellate review enunciated in Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
As a matter of fact, there is strong circumstantial evidence in the record to support the trial judge's factfindingspecially the volume of wine consumed by plaintiff prior to his coming to work on the day of the accident and the extremely high blood alcohol content immediately following the accident.
In DWI cases, La. R.S. 32:662 establishes a legal presumption that one is under the influence of an alcoholic beverage if his blood alcohol content measures 0.10% or more. Here, plaintiff's blood alcohol content was almost three times that amount. The exercise of common sense would seem to impel the conclusion that plaintiff was hovering on the brink of narcolepsy, or perhaps, complete collapse. There could be little doubt but that the ability to maintain his equilibrium (and certainly to walk down steps) was substantially impaired.
Confronted with this evidence, which he appropriately observed was unrefuted, the trial judge correctly found it more probable than not that plaintiff's unquestioned intoxication caused his accident.
For these reasons, I respectfully dissent from the denial of a rehearing in this case.
NOTES
[1] LSA-R.S. 23:1081:

"No compensation shall be allowed for an injury caused ... (2) by the injured employee's intoxication at the time of the injury....
"In determining whether or not an employer shall be exempt from and relieved of paying compensation because of injury sustained by an employee for the causes and reasons set forth in this Section, the burden of proof shall be upon the employer."
[2] After this appeal was lodged plaintiff died on August 12, 1981 and the provisional administratrix of his succession has been substituted as party plaintiff.