421 So.2d 254 (1982)
Sam CONLEY, Jr.
v.
LIBERTY MUTUAL INSURANCE COMPANY and Schwerman Trucking Company.
No. 13163.
Court of Appeal of Louisiana, Fourth Circuit.
July 30, 1982.
Rehearing Denied November 19, 1982.
R. Ray Orrill, Jr., Victor A. Marsiglia, Jr., New Orleans, for plaintiff-appellee.
Victor A. Dubuclet, III, Borrello & Huber, Metairie, for defendants-appellants.
Before REDMANN, C.J., and AUGUSTINE and CIACCIO, JJ.
REDMANN, Chief Judge.
Defendant employer appeals from a judgment for workers' compensation benefits, with penalties and attorney's fees. Defendant argues that plaintiff's injury was caused by his own intoxication and is therefore not compensable, La.R.S. 23:1081.
*255 The question is whether the trial judge erred in concluding that defendant had proved neither plaintiff's intoxication nor its causation of the accident. Defendant's proof consists of the deposition of the Lafayette police officer who assisted in investigating the accident and who administered photoelectric intoximeter tests to plaintiff and the deposition of a pathologist concerning the implication of the test results. Plaintiff's proof consists of his own testimony.
We conclude that the resolution of our case is effectively guided by Parker v. Kroger's, Inc., 394 So.2d 1178 (La.1981). The circumstances of our accident are somewhat comparable to those of Parker. There an employee drove, at 8:45 at night, through a barricade; our plaintiff drove, at 12:38 in the afternoon, in clear weather, into an area where construction blocked one lane of a two-lane interstate highway bridge. One factor present here but not in Parker was the involvement of a second vehicle. An automobile driver (who plaintiff testified was moving at the same 50-mph speed as plaintiff) moved from the lane that was blocked into plaintiff's lane (plaintiff says that the automobile was only ten or 12 feet ahead of him at the time, and that it immediately applied its brakes for no obvious reason). Plaintiff applied his brakes, leaving skid marks for 132 feet (less the truck's length?) before rear-ending the automobile and knocking it out of the travel lanes. Plaintiff's truck continued to leave skid marks for a total of 222 feet from first application of its brakes (during only 142 feet of which did the front wheels leave skid marks); 129 feet after impact it struck the concrete median wall and continued another 156 feet, damaging 155 feet of "hurricane" fence atop that wall, thus travelling a total of 285 feet after impact.
Although our case does not have the concession by the driver of his earlier drinking and his falling asleep that Parker had, our case is perhaps stronger on the showing of intoxication. Parker noted a blood test showing 0.104% blood alcohol without, as far as the opinion shows, scientific verification of the accuracy of that test. Our case has a 0.25% blood alcohol level established by PEI test, verified by the police officer who was trained and certified to administer such tests and who discussed his procedure for standardizing the test both in general and in this case in great detail. We do not, however, have expert testimony on the calibration of the PEI machine itself from one qualified in calibration; we have only the officer's testimony that calibration occurred no less often than every four months and that he verified that the machine had been calibrated within the previous four months and would not use the machine unless its tag showed calibration not over four months earlier.
Apparently the trial judge rejected the police officer's PEI test results because of the defendant's failure to offer proof by the expert who calibrated the machine to establish that it was properly calibrated at the time of the tests. That failure might be fatal to a criminal prosecution, where the standard of proof is proof beyond a reasonable doubt; see, e.g., State v. Graham, 360 So.2d 853 (La.1978). But the standard of proof in civil cases is not so strict; a civil litigant need only establish a fact as more probable than not; Boudreaux v. American Ins. Co., 262 La. 721, 264 So.2d 621 (1972). The police officer in our case showed by copies of his certificate and recertifications that he was qualified to administer the PEI tests (and did not merely so testify, as was held insufficient in State v. Jones, 316 So.2d 100 (La.1975), for a criminal prosecution). He testified in meticulous detail as to his own use of the machine with standardized samples and provided a copy of his written report on the testing which included the adjustments of the machine required for proper evaluation of test results. We are obliged to conclude that the civil burden of proof was met, and that it is established as more probable than not that plaintiff had a blood alcohol level of 0.25% when measured about an hour and a half after the accident with no intervening consumption of alcohol. His blood alcohol level at the moment of the accident *256 might have been somewhat less than that (if he had alcohol in his stomach not yet digested into his bloodstream) or more than that (if he last drank alcohol so long before the accident that it had all entered his bloodstream at that time and its then concentration had meanwhile been reduced by the normal bodily processes). Parker's blood test also occurred an hour and a half after the accident, and it was held sufficient. We deem our PEI test sufficient to show that plaintiff had a blood alcohol level in the vicinity of 0.25%.
The expert pathologist testified that "100% of the population at that alcohol level would not be safe drivers"; "100% would show significant impairment of all faculties"; and some "normal" persons would be unconscious.
We therefore conclude that plaintiff was intoxicated at the time of the accident.
We also conclude, from the circumstances of the accident, that plaintiff's intoxication more probably than not caused the accident. The alternative explanation, that testified to by plaintiff, is that the automobile traveling at the same speed as plaintiff pulled in front of plaintiff when only ten to 12 feet ahead of him and began to brake. That explanation is not nearly as probable an explanation of the long braking and travel distances of plaintiff's truck both before and after impact. The more probable explanation of this accident is plaintiff's gross inattentiveness to the road conditions ahead, resulting in his failure to appreciate the slow speed of the automobile (it was knocked only 33 feet or so, leaving no skid marks) ahead of him by far more than ten or 12 feet. And the most probable explanation of plaintiff's inattentiveness and failure to appreciate the conditions ahead is his intoxication. Parker indeed may have been a case in which intoxication was the only reasonably probable explanation of the accident, but ours is a case in which intoxication is a more probable cause of the accident than the cause alleged by plaintiff, and that is all that the burden of proof in civil cases requires.
Reversed; dismissed.