WATKINS, Judge.
This is an action for death benefits brought by Robert A. Marie and Sherrlyn Dupre Marie under the Workmen’s Compensation statute. The trial court rendered judgment awarding the plaintiffs, surviving parents of decedent, the sum of $20,000. each as death benefits for the death of their son, Timothy J. Marie. Additionally, the sum of $3,000. was awarded the parents jointly for reasons not made clear by written reasons for judgment, but which defendant’s brief states was awarded for burial expenses. Attorney’s fees and penalty were denied. Defendant appealed and plaintiffs have answered the appeal, seeking penalty and attorney’s fees as well as damages for frivolous appeal.
We have thoroughly reviewed the record and the applicable law and find the trial court well sets forth the facts and *1123 issues of law and properly renders decision therein in written reasons for judgment, which are adopted as this court’s decision and quoted in full:
“This is a case in workman’s (sic) compensation filed by the surviving parents of Timothy Marie, a 19-year-old employee of Marie’s Auto Parts No. 1, who was fatally injured in a one car accident on April 21, 1981, at approximately 3:30 P.M.
The accident was investigated by State Trooper John B. Matte, whose deposition was admitted into evidence subject to objection of counsel for plaintiffs. Trooper Matte arrived on the scene at 4:18 P.M., by which time Timothy Marie was on the grass near the vehicle and was being treated by personnel from Acadian Ambulance. The trooper did not get close enough to the victim to make any personal observations of him. Timothy Marie was transported to Terrebonne General Hospital where he died sometime the same afternoon. An autopsy was performed.
The accident occurred while Timothy Marie was driving north on La.Hwy. 56 near the residence of Mr. Calvin Martin, who was a witness to the accident and was called by the defendants as a witness at trial.
La. 56 is a two-lane, undivided highway which passes through Chauvin, Louisiana. At the point of the accident, this is a mixed residential/commercial area.
The state trooper’s investigation of the scene of the accident established that the youth had been driving on the 12-foot, loose shell shoulder of the road for approximately 500 feet before his vehicle left the shoulder. The vehicle traveled 119 feet before jumping a ditch (width undetermined) and hitting a cement culvert marker on the north edge of the ditch. It then struck a tree 35 feet north of the ditch. Point of impact on the vehicle was midway on the right side with the car facing west. The impact spun the car around the tree until it came to rest facing east on the opposite side of the tree.
Mr. Calvin Martin, who was in his yard prior to the accident, testified that his first observation consisted of seeing a ‘cloud of dust’ on the shoulder about 200 feet from him. He moved out of the way to avoid being hit.
Plaintiff, Robert Marie, testified that shortly before the accident he had sent his employee/son to LeCompte’s Hardware to get some links or shackles for use on the job they were performing that afternoon at the business.
Timothy told him he was going to use his own car instead of a company truck because he needed to get gas and some fried chicken at Danny’s.
Mr. Marie testified he had strict rules about drinking on the job because the employees had to drive company vehicles. He said Timothy had not been drinking that afternoon.
Two other witnesses were called by the plaintiffs: (sic) Mr. Thomas T. Hargrove, an employee at Marie’s Auto Yard; and Mr. Wayne Ledet, a former policeman who was just visiting at the business the afternoon of the accident. Both men verified Mr. Marie’s testimony that Timothy had been sent on a company mission and that Timothy did not appear to have been drinking that afternoon. Mr. Ledet stated he and Timothy talked alone for ten to twenty minutes before Timothy left on the business errand.
The defendants called Mr. William M. Bessey, a Crawford and Company investigator who had been assigned to investigate the claim. His testimony verified the negative return on defendant’s subpoena duces tecum to LeCompte’s for purchases for Marie’s on April 21,1981; he said the people at LeCompte’s had not seen Timothy that afternoon. Trooper Matte’s inspection of the interior of the vehicle was also negative— there were no liquor bottles or food containers.
The defendants also called Dr. Monroe Samuels, who was qualified as an expert pathologist. Dr. Samuels, who performed the autopsy, testified that the victim’s blood sample showed a reading of .11 alcohol content. He further testified that the medical *1124 records furnished him by the hospital showed that Timothy had been given infusions of Ringers solution; he estimated at least 2 liters. His medical opinion was that the solution tends to lower the alcohol content rating of the blood.
Prior to trial, counsel for both parties stipulated to the following limitation of issues in this case:
1. Was Timothy Marie working within the course and scope of his employment at the time of his death?
2. Was Timothy Marie intoxicated at the time of his death? And, if so:
a. Was that intoxication the proximate cause of his injury? and,
b. Is intoxication a bar to the claim of plaintiffs to the statutory compensation benefits under Louisiana law?
1. In a workman’s (sic) compensation case, the claimant has the burden of proving that the injury occurred while the employee was within the course and scope of his employment. The testimony of plaintiffs three witnesses was sufficient to carry this burden, as they all said Timothy left the yard on an errand for the business.
However, plaintiffs proof is subject to rebuttal by defendants, at which time the burden shifts to defendant to prove that the employee deviated from the business mission, the standard ‘detour’ theory. The testimony of plaintiff’s witnesses established that Timothy intended to get gas and some fried chicken. However, there was no proof that he stopped for either of these two purchases prior to the accident. The only thing defendant has proved is that the youth did not reach LeCompte’s. Defendant urges that because Timothy was travel-ling north on La. 56, away from LeCompte’s and toward Marie’s, this Court should conclude that he deviated from his mission. There is no proof in the record from which such a conclusion can be drawn, such as a showing of locations of gas stations or Danny’s. The youth could have decided to return to Marie’s for some business-related reason prior to proceeding on to Le-Compte’s. This Court, therefore, holds that plaintiff has made a prima facia (sic) showing that the employee was in the course and scope of his employment, and that the defendant has failed to carry its burden of proof that the employee deviated from that course and scope.
2. Because of the .11 alcohol-level reading of the blood sample and the expert testimony that the Ringers solution administered to the victim would tend to lower that reading, this Court concludes that it is more probable than not that Timothy Marie was under the influence of alcohol at the time of the accident.
2. a) & b) Intoxication is a legitimate defense in a workman’s (sic) compensation case.
LSA R.S. 23:1031 provides in pertinent part:
‘If an employee not otherwise eliminated from the benefits of this Chapter receives personal injury by accident arising out of and in the course of his employment, his employer shall pay compensation in the amounts, on the conditions, and to the person or persons hereinafter designated.’
LSA R.S. 23:1081 further provides that: ‘No compensation shall be allowed for an injury caused by: ... (2) by the injured employee’s intoxication at the time of the injury.
In determining whether or not an employer shall be exempt from and relieved of paying compensation because of injuries (sic) sustained by an employee for the causes and reasons set forth in this section, the burden of proof shall be upon the employer.’
Although this Court has found that Timothy Marie was probably under the influence of alcohol at the time of the accident, the defendant has failed to carry its further burden of proving that the fatal injury was caused by Timothy’s intoxication, which burden is established in LSA R.S. 23:1081, supra.
Neither the jurisprudence nor the facts of this case permits defendant to rest on the presumption of LSA R.S. 32:662, which is inapplicable in civil cases. The Supreme Court in Parker v. Kroger’s, Inc. 394 So.2d *1125 1178 (La., 1981) looked to evidence beyond the mere blood sample, such as the testimony of a competent expert witness, to interpret effect of such level on a person’s ability to operate a motor vehicle. Although the defendant in the instant case attempted to elicit such information from Dr. Samuels, the expert witness was careful to point out that the effects of a .11 reading, such as impairment of visual and motor coordination and increased reflex time, vary from individual to individual. Furthermore, the testimony of the three witnesses who were with the decedent shortly before the accident dictates against the degree of intoxication of the victim creating a (sic) impairment sufficient for a finding by this Court that the intoxication caused the injury. O’Neal v. Home Insurance Company (La.App. 2nd Cir., 1981) 404 So.2d 1355. It is improbable that a former police officer and a friend of the decedent would not have objected to decedent’s driving if he had been obviously impaired because of the alcohol.
Unlike the Parker case, supra, there was no evidence of decedent’s drinking — other than the blood count — prior to the accident, such as an admission by plaintiff’s witnesses, evidence of alcohol on the employee’s breath, or evidence of liquor containers in the vehicle.
This Court holds that the defendant has failed to carry the burden of proof established by LSA R.S. 23:1081, because the prima facia (sic) proof of the .11 alcohol content of the blood was successfully refuted by the testimony of plaintiff’s witnesses. Therefore, the ruling of this Court is that the intoxication of the employee was not the proximate cause of his injury. Therefore such intoxication does not bar plaintiff’s claim.
Defendant’s defense of intoxication was a serious issue about which reasonable minds could differ. Defendant was entitled to rely on the autopsy report of a .11 blood alcohol level. Defendant was not arbitrary, capricious, or unreasonable in its refusal to pay this claim. Plaintiff’s demand for penalties and attorney’s fees will be denied.
Judgment will be rendered accordingly.”
Because the trial court found that Timothy Marie was probably under the influence of alcohol, we find that appellant’s contention that Timothy Marie was intoxicated and that this intoxication caused the accident was not without merit, although we agree with the trial court’s written reasons for judgment. We, therefore, deny damages for a frivolous appeal.
The judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.