LOTTINGER, Judge.
This appeal arises from a denial of worker’s compensation benefits based on the employer’s defense that the employee was intoxicated at the time of the accident and that his intoxication caused the accident.
FACTS
Gerald Sullivan received severe and permanent injuries on May 9, 1985, when the 18-wheel tractor trailer truck he was driving for his émployer, U.S. Comex Corporation, ran off the road, La. Highway 441, and struck a tree. The accident occurred at about 6:45 p.m.; he had just left his home, about a mile and a quarter away.
A blood sample was taken from defendant at about 10:10 p.m. that night at the hospital. Defendant’s blood alcohol content registered .09 grams percent.
Plaintiff paid defendant worker’s compensation benefits, including medical expenses, from May 9, 1985, until June 30, 1986. Thereafter, plaintiff sought a declaratory judgment relieving it of paying any more worker’s compensation benefits because it claimed defendant’s intoxication caused the accident.
Defendant answered and reconvened against plaintiff for benefits, as well as for penalties and attorney’s fees for plaintiff’s “arbitrary and capricious” termination of benefits on June 30, 1986.
TRIAL COURT
At trial defendant claimed he could not recall anything after he left Texas City the morning of the accident until he regained consciousness in the hospital. However, he testified it is his practice to not drink when he is to drive the truck. He also testified his habit is to eat breakfast and lunch at normal times, but to postpone supper until 8:00 or 9:00 p.m.
Mrs. Ruby Sullivan, defendant’s mother, testified that her son visited with her the day of the accident from about 3:00 p.m. until 5:30 or 6:00 p.m., during which time he did not eat or drink anything except for a few cups of coffee. When he left her house he went to his trailer a short distance away, after which, according to Mrs. Sullivan, he was headed to his girlfriend’s house.
Plaintiff called Dr. Edwin Walker as an expert in the field of general practice medicine to testify on the effects of alcohol on a person’s driving ability if the blood alcohol content registered .09 grams percent.
Lieutenant Dale Moore of the Louisiana State Police testified that although defendant had been speeding, he could have negotiated the curve. He stated there were no defects or obstructions in the road.
John Ricca, Jr., accepted as plaintiff’s expert in the field of hematologic toxicology, testified that the level of alcohol in defendant’s blood at the time of the accident (three hours and twenty-five minutes before the blood test) could have been at least .13 grams percent. He based that conclusion on the assumption that defendant had not eaten anything after 3:00 p.m. However, if defendant had eaten a heavy meal between 3:00 p.m. and 6:45 p.m., the alcohol level in defendant’s blood would not have reached its apex until after 6:45 p.m. and thus the alcohol level would have been below .09 grams percent at the time of the accident, i.e. 6:45 p.m.
Defense witness Woodrow
Higginbotham, who lives on La. Highway 441 where the accident occurred, testified that he noticed a six-inch hole on the edge of the shoulder of the road where he thought defendant’s vehicle left the road. *455 He said he could recall at least twelve to fourteen accidents in that area, half of which have happened during the day.
Following a trial on the merits, the trial court granted .the declaratory judgment because it found that defendant was intoxicated and that his intoxication caused the accident. The trial court cited La.R.S. 23:1081(l)(b), which relieves plaintiff of paying compensation for injuries “caused by the injured employee’s intoxication at the time of the injury.”
In its reasons, the court opined that Mr. Sullivan was extremely knowledgeable of the road conditions in the area where he ran off the road. This familiarity with the road, coupled with defendant’s alcohol-blood content of .09 grams percent some three hours later, led the trial court to conclude Mr. Sullivan’s intoxication was the intervening cause of the accident. Citing his impression with the testimony of an expert in analyzing blood samples, the court added defendant presented no evidence that Mr. Sullivan had eaten anything that afternoon, so as to cast doubt on the interpretation given the blood alcohol content reading.
ASSIGNMENTS OF ERROR
Defendant appealed, urging the trial court erred:
(1) In finding that Gerald Sullivan was intoxicated at the time of the accident;
(2) In finding that Gerald Sullivan’s in-, toxication was the cause of the accident;
(3) In finding that plaintiff carried its burden of proof as set forth in La.R.S. 23:1081(2); and
(4) In denying Gerald Sullivan’s worker’s compensation benefits in full and penalties and attorney’s fees as a result of plaintiff’s arbitrary and capricious denial of benefits.
ASSIGNMENTS OF ERROR NOS.
1, 2 AND 3
La.R.S. 23:1081(l)(b) relieves an employer of the legal duty to pay worker’s compensation benefits if the injury was caused by the injured employee’s intoxication at the time of the injury. La.R.S. 23:1081(2) further provides the employer has the burden of proving such a fact.
It is well settled in criminal law that a reading of .10 percent or more by weight of alcohol in a person’s blood gives rise to a presumption of intoxication. See La.R.S. 32:662. There is no such statutory presumption in civil cases. See Prestenbach v. Sentry Insurance Company, 340 So.2d 1331, 1334 (La.1976).
We also note it is not sufficient to show that the employee may have been drinking before the accident, but it must be affirmatively shown that the employee was intoxicated. Trent v. Employers Liability Assurance Corporation, 178 So.2d 470, 473 (La.App. 1st Cir.), writ denied, 248 La. 466, 179 So.2d 640 (1965).
Moreover, we note that there must be some evidence other than a blood sample in order for plaintiff to sustain his burden of proof. See Marie v. Casualty Reciprocal Exchange, 424 So.2d 1121, 1125 (La.App. 1st Cir.1982).
In the present case, we find no evidence other than the blood test, the interpretation of which is questionable as it was based on the assumption that defendant had not eaten anything, to indicate defendant was intoxicated. His mother did not see him drink anything; and defendant suffered a memory lapse of anything he did that day. Moreover, the investigating state trooper did not note the smell of alcohol on defendant or in the cabin of the tractor trailer.
Plaintiff correctly points out that a civil litigant need only establish a fact as more probable than not. See Conley v. Liberty Mutual Insurance Company, 421 So.2d 254, 255 (La.App. 4th Cir.1982), writ denied, 427 So.2d 1209 (La.1983). However, in Conley, the employee drove through a roadblock in clear weather, whereas in the instant case, there was evidence that other accidents had occurred in that area, that there was a pothole about six inches deep near where defendant ran off the road, and that defendant was speeding at about 66 miles per hour.
*456 Thus, in view of the lack of evidence presented by plaintiff, we cannot say it is more probable than not that defendant was intoxicated and that his intoxication caused the accident.
ASSIGNMENT OF ERROR NO. 4
Defendant argues that, pursuant to La. R.S. 22:658, penalties in the amount of twelve (12%) percent and reasonable attorney’s fees should be awarded bécause of plaintiff’s arbitrary and capricious denial of benefits.
We disagree. Inasmuch as plaintiff had the results of the blood test indicating that defendant might have been intoxicated at the time of the accident, as well as the meager facts available as to how the accident happened, the plaintiff had reasonable grounds for discontinuing benefits to defendant.
Accordingly, the judgment of the trial court is reversed at plaintiff’s costs and worker’s compensation benefits are reinstated together with a lump sum amount for the period from June 30,1986, until the finality of this decision, with all costs and interest from judicial demand. Defendant’s demand for penalties and attorney fees is rejected.
REVERSED AND RENDERED.