2008 ND 79

**Catherine MANSKE, Claimant and Appellant**

v.

**WORKFORCE SAFETY AND INSURANCE, Appellee**

and

**Northern States Power Company a/k/a Xcel Energy, Respondent.**

**No. 20070173.**

Supreme Court of North Dakota.

April 23, 2008.

David C. Thompson (argued), David C. Thompson, P.C., Grand Forks, ND, and Jeanette T. Boechler (on brief), Boechler Law Firm, Fargo, ND, for claimant and appellant.

Douglas W. Gigler, Special Assistant Attorney General, Fargo, ND, for appellee.

VANDE WALLE, Chief Justice.

[¶ 1]   Catherine Manske appealed a district court judgment affirming a decision by Workforce Safety and Insurance ("WSI") which denied her application for death benefits for the death of her husband, Robert Manske.  We reverse and remand for further proceedings in accordance with this opinion.

## I.

[¶ 2] Robert Manske was employed by Northern States Power Company as a mechanic's helper from 1959 to 1963, a meter reader from 1963 to 1970 and a lineman from 1970 to 1995. He was exposed to asbestos at work, although the parties dispute the degree of exposure. Robert Manske also smoked somewhere between one and a half to three packs of cigarettes per day. He died from lung cancer on November 28, 2000. On November 25, 2002, Catherine Manske filed an application for death benefits, alleging Robert Manske died from lung cancer caused by occupational asbestos exposure.

[¶ 3] In May 2003, WSI determined Catherine Manske failed to show asbestos exposure was a substantial cause of her husband's lung cancer and denied her claim. A hearing with an administrative law judge ("ALJ") was held in January 2006. Depositions of Robert Manske and co-workers, taken during prior litigation against asbestos manufacturers, establish heavy exposure to asbestos from 1959 to 1963. Robert Manske testified to reading meters from 1963 to 1970, with 60% of the meters located indoors. From 1970 to 1995, he worked as a lineman and was exposed to insulation from insulated wiring but was unsure if the wiring and cloth tape he used contained asbestos. Ninety-nine percent of his work was outdoors at this time.

[¶ 4] Dr. Brian Dolan testified for Catherine Manske and Dr. Donald Matthees and Dr. Michael Graham testified for WSI. All agreed heavy asbestos exposure causes asbestosis, which in turn increases one's lung cancer risk, and that a lung biopsy, which was not done, is the standard way to diagnose asbestosis.

[¶ 5] Dr. Dolan used four secondary factors to nonetheless diagnose asbestosis in Robert Manske: 1) an alleged history of occupational asbestos exposure for approximately 35 years; 2) several years of dyspnea on exertion; 3) bilateral pleural plaques on a chest X-ray; and 4) small airway obstructive disease on pulmonary function testing. Dr. Graham stated that asbestosis is a pre-requisite to finding asbestos-related lung cancer and rejected Dr. Dolan's use of the four secondary factors to diagnose asbestosis. Dr. Matthees rejected Dr. Dolan's asbestosis diagnosis after reviewing a CT scan report and prior medical records. Dr. Matthees and Dr. Graham also disputed Dr. Dolan's use of a "history of occupational asbestos exposure for approximately 35 years" in his asbestosis diagnosis. Dr. Dolan had characterized Robert Manske's exposure as heavy from 1959 to 1963, intermittent and light to moderate while a meter reader and intermittent and light while a lineman.

[¶ 6] Dr. Matthees and Dr. Graham opined that the absence of asbestosis meant Robert Manske's asbestos exposure was not heavy after 1963. While Dr. Matthees conceded Robert Manske's diagnosis of pleural plaque might result in some increase in his lung cancer risk, he testified the increased risk is impossible to quantify. Dr. Graham did not believe pleural plaque resulted in an increased lung cancer risk. Both concluded Robert Manske's heavy smoking habit was the primary cause of his lung cancer. Dr. Dolan testified that Robert Manske's asbestos exposure was a significant contributor to his fatal lung cancer, coupled with his smoking habit.

[¶ 7] The ALJ concluded Catherine Manske failed to prove the lung cancer was the "direct result" of Robert Manske's asbestos exposure. WSI adopted the ALJ's findings and fact and recommendations and denied the claim in May 2006. Catherine Manske appealed to the district court, which affirmed WSI's decision.

## II.

[¶ 8] An administrative agency decision must be affirmed unless:

1. The order is not in accordance with the law.

2. The order is in violation of the constitutional rights of the appellant.

3. The provisions of this chapter have not been complied with in the proceedings before the agency.

4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions of law and order of the agency are not supported by its findings of fact.

7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

N.D.C.C. § 28–32–46.

[¶ 9] Catherine Manske argues WSI applied an erroneous analysis of whether Robert Manske's occupational asbestos exposure was "the sole cause" of his lung cancer. A claimant has the burden of proving by a preponderance of the evidence that he suffered a compensable injury and is entitled to worker's compensation benefits. N.D.C.C. § 65–01–11. In order to carry this burden, a claimant must prove by a preponderance of the evidence that the medical condition for which he seeks benefits is causally related to a work injury. *Swenson v. Workforce Safety & Ins. Fund*, 2007 ND 149, ¶ 24, 738 N.W.2d 892. We have said, in a long line of cases, that a worker's employment need not be the sole cause of an injury to be compensable. *See, e.g., Negaard–Cooley v. N.D. Workers Comp. Bureau*, 2000 ND 122, ¶ 8, 611 N.W.2d 898; *Hust v. N.D. Workers Comp. Bureau*, 1998 ND 20, ¶ 12, 574 N.W.2d 808; *McDaniel v. N.D. Workers Comp. Bureau*, 1997 ND 154, ¶ 12, 567 N.W.2d 833; *Lang v. N.D. Workers Comp. Bureau*, 1997 ND 133, ¶ 15, 566 N.W.2d 801. Nor must a claimant prove the work-related injury is a primary cause of the work injury. *Holtz v. N.D. Workers Comp. Bureau*, 479 N.W.2d 469, 471 (N.D. 1992). It is sufficient if a work condition is a substantial contributing factor to the disease. *McDaniel*, at ¶ 12 (citations omitted).

[¶ 10] The language contained in WSI's decision indicates that WSI applied the wrong standard in his analysis of the causal connection between Robert Manske's asbestos exposure and his lung cancer. In the conclusions of law, WSI noted Catherine Manske must establish, by a preponderance of the evidence, that Robert Manske's death "was a direct result" of a compensable work injury and that the evidence failed to show the lung cancer "was primarily caused" by his asbestos exposure. WSI concluded that smoking "was the more likely cause" of Robert Manske's lung cancer and noted that Dr. Dolan's testimony was "equivocal, stating only that Manske's asbestos exposure, 'along with cigarette smoking' was a 'significant contributor' to Manske's lung cancer." Finally, WSI concluded Catherine Manske failed to show the lung cancer was the "direct result" of Robert Manske's asbestos exposure. WSI never discusses the "substantial contributing factor" standard in its findings of fact and recommendations nor analyzes the evidence in that context.

[¶ 11] WSI appeared to analyze whether Robert Manske's smoking habit or his asbestos exposure was the primary or direct cause of his lung cancer. WSI should

also have determined whether the asbestos exposure was a substantial contributing factor. It is possible that the smoking and the asbestos exposure were both substantial contributing factors in Robert Manske's lung cancer.

[¶ 12] In other jurisdictions with a similar requirement, courts have held that a work injury can be found to be a "significant causal factor" even if other non-work-related factors also make significant contributions, or were significant causal factors. *See, e.g., Gibson v. Little Cotton Mfg. Co.*, 73 N.C.App. 143, 325 S.E.2d 698, 700–01 (1985); *Rutledge v. Tultex Corp.*, 308 N.C. 85, 301 S.E.2d 359, 369–70 (1983); *Vause v. Vause Farm Equipment Co.*, 233 N.C. 88, 63 S.E.2d 173, 176 (1951). Although New Jersey has held that a petitioner is not required to "prove that the nexus between the disease and the place of employment is certain" the petitioner nonetheless has the burden of demonstrating by a preponderance of the evidence that his work injury was a substantial contributing cause of his occupational disease. *Lindquist v. City of Jersey City Fire Dept.*, 175 N.J. 244, 814 A.2d 1069, 1080 (2003). The fact that an employee may have physical conditions or personal habits which make him or her more prone to such an injury does not constitute a sufficient reason for denying a claim. *Satrom v. N.D. Workmen's Comp. Bureau*, 328 N.W.2d 824, 831 (N.D.1982). To the contrary, the work injury need only be a "substantial contributing factor." *Id.* (citation omitted).

[¶ 13] While Robert Manske's smoking habit may be a cause of his lung cancer, the analysis should focus on whether his asbestos exposure is a substantial contributing factor. Testimony from the treating physician raises the question of whether the occupational exposure to asbestos was a substantial contributing factor in the development of his lung cancer.

[¶ 14] Although WSI initially denied Catherine Manske's claim because she failed to show asbestos exposure was a substantial cause of her husband's lung cancer, the ALJ did not analyze the evidence in light of the "substantial contributing factor" standard. WSI adopted the findings of fact and recommendations of the ALJ, which are before us on appeal. Those findings of fact do not sufficiently address whether Robert Manske's asbestos exposure was a substantial contributing factor to his lung cancer. *See* N.D.C.C. § 28–32–46(7).

[¶ 15] We reverse and remand for WSI to make a determination using the correct "substantial contributing factor" analysis.

[¶ 16] CAROL RONNING KAPSNER, MARY MUEHLEN MARING, JJ., ALLAN L. SCHMALENBERGER, D.J., concur. I concur in the result. DALE V. SANDSTROM, J.

[¶ 17] The Honorable ALLAN L. SCHMALENBERGER, D.J., sitting in place of CROTHERS, J., disqualified.