2009 ND 23

James BRUDER, Claimant and Appellee

v.

NORTH DAKOTA WORKFORCE SAFETY AND INSURANCE FUND, Appellant

and

Hamm's Well Service, Inc., Respondent.

No. 20080078.

Supreme Court of North Dakota.

Feb. 6, 2009.

Stephen D. Little (submitted on brief), Dietz & Little Lawyers, Bismarck, N.D., for claimant and appellee.

Jacqueline Sue Anderson (argued), Special Assistant Attorney General, Fargo, N.D., for appellant.

SANDSTROM, Justice.

[¶1]  Workforce Safety and Insurance ("WSI") appeals from a district court judgment reversing WSI's final order denying James Bruder's application for workers compensation benefits for a back injury. We reverse the judgment and reinstate WSI's final order denying benefits, concluding WSI's findings of fact were supported by a preponderance of the evidence, WSI adequately explained its reasons for disregarding medical evidence favorable to Bruder, and the district court erred in awarding Bruder costs and attorney fees under N.D.C.C. § 28–32–50(1).

I

[¶2]  Bruder has had back problems dating back to at least 1998. In May 1998 Bruder had an L4–5 discectomy with L4 and L5 radicular decompression. After a period of rehabilitation, Bruder returned to full-time employment with a well service company, which he described as "lighter" and "not as demanding" as his prior employment on drilling rigs. Bruder did not file a claim for workers compensation benefits for his 1998 back problems.

[¶3]  Bruder worked full-time until 2005 when, he alleges, his back pain worsened and he sought medical treatment. On September 28, 2005, Bruder filed a claim for benefits with WSI, claiming that he had increasing pain and weakness in his lower back and legs caused by his repetitive and stressful working conditions. WSI denied the claim, and Bruder requested an administrative hearing. Following the hearing, the administrative law judge ("ALJ") issued recommended findings of fact, conclusions of law, and order, concluding that Bruder failed to prove he had suffered a compensable injury and recommending denial of Bruder's claim. With a minor alteration, WSI adopted the

ALJ's recommended findings of fact, conclusions of law, and order.

[¶ 4] Bruder appealed to the district court. The district court concluded that WSI's findings of fact were not supported by a preponderance of the evidence and did not sufficiently address the evidence presented by Bruder. The court therefore reversed WSI's final order and remanded for an award of benefits to Bruder. The court also concluded WSI had acted without justification in denying benefits and therefore awarded costs and attorney fees to Bruder under N.D.C.C. § 28–32–50(1).

[¶ 5] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. §§ 27–05–06, 65–10–01, and 28–32–42. WSI's appeal was timely under N.D.R.App.P. 4(a) and N.D.C.C. § 28–32–49. This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 28–32–49.

## II

[¶ 6] Courts may exercise only a limited review in appeals from administrative agencies under the Administrative Agencies Practice Act, N.D.C.C. ch. 28–32. *Olson v. Workforce Safety and Ins.*, 2008 ND 59, ¶ 8, 747 N.W.2d 71; *Tverberg v. Workforce Safety and Ins.*, 2006 ND 229, ¶ 7, 723 N.W.2d 676. Under N.D.C.C. § 28–32–46, the district court must affirm an administrative agency order unless:

1. The order is not in accordance with the law.

2. The order is in violation of the constitutional rights of the appellant.

3. The provisions of this chapter have not been complied with in the proceedings before the agency.

4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions of law and order of the agency are not supported by its findings of fact.

7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

On appeal from the district court's decision in an administrative appeal, we review the agency order in the same manner. N.D.C.C. § 28–32–49.

[¶ 7] We exercise restraint in deciding whether the agency's findings of fact are supported by a preponderance of the evidence, and we do not make independent findings or substitute our judgment for that of the agency. *Reopelle v. Workforce Safety and Ins.*, 2008 ND 98, ¶ 9, 748 N.W.2d 722; *Power Fuels, Inc. v. Elkin*, 283 N.W.2d 214, 220 (N.D.1979). In reviewing an agency's findings of fact, we determine only whether a reasoning mind reasonably could have determined that the factual conclusions reached were proved by the weight of the evidence from the entire record. *Reopelle*, at ¶ 9; *Fettig v. Workforce Safety and Ins.*, 2007 ND 23, ¶ 10, 728 N.W.2d 301; *Power Fuels*, at 220.

[¶ 8] A claimant for workers compensation benefits has the burden of proving by a preponderance of the evidence that he suffered a compensable injury and is entitled to benefits. N.D.C.C. § 65–01–11; *Manske v. Workforce Safety and Ins.*, 2008 ND 79, ¶ 9, 748 N.W.2d 394; *Swenson v. Workforce Safety and Ins.*

*Fund,* 2007 ND 149, ¶ 24, 738 N.W.2d 892. To meet this burden, the claimant must prove by a preponderance of the evidence that the medical condition for which he seeks benefits is causally related to a work injury. *Manske,* at ¶ 9; *Swenson,* at ¶ 24. Although it is not necessary to show that the employment was the sole cause of the injury, to establish a causal connection the claimant must demonstrate that his employment was a substantial contributing factor to the disease or injury. *Manske,* at ¶ 9; *Swenson,* at ¶ 24.

[¶ 9]   When presented with conflicting expert medical opinions, it is for WSI, not the district court, to weigh credibility and resolve conflicts:

WSI has the responsibility to weigh the credibility of medical evidence and resolve conflicting medical opinions. When confronted with a classic "battle of the experts," a fact-finder may rely upon either party's expert witness. Although WSI may resolve conflicts between medical opinions, the authority to reject medical evidence selectively does not permit WSI to pick and choose in an unreasoned manner. WSI must consider the entire record, clarify inconsistencies, and adequately explain its reasons for disregarding medical evidence favorable to the claimant.

*Huwe v. Workforce Safety and Ins.,* 2008 ND 47, ¶ 10, 746 N.W.2d 158 (citations omitted).

### III

[¶ 10]   WSI contends the district court improperly reweighed the medical evidence and failed to apply the appropriate standard of review when it determined WSI's findings of fact were not supported by a preponderance of the evidence.

[¶ 11]   In this case, WSI was presented with a classic battle of the experts. Two of Bruder's treating physicians, Dr. Woi-teshek and Dr. Colon, wrote opinion letters indicating their belief that Bruder's employment as a floor hand on an oil rig was a substantial contributing factor to his back pain. Dr. Peterson, a physician specializing in physical medicine and rehabilitation employed by WSI to review Bruder's case, stated Bruder's spinal condition was caused by degenerative disc disease and his employment was not a substantial contributing factor. The ALJ and WSI found that Dr. Peterson's opinion was more persuasive than the opinions of Dr. Woiteshek and Dr. Colon.

[¶ 12]   In its findings of fact and conclusions of law, WSI explained the basis for its decision to accept Dr. Peterson's opinion and reject the opinions of Bruder's doctors. WSI first addressed Dr. Woiteshek's opinion:

On April 6, 2006, Mr. Bruder's attorney wrote to Dr. Dwight Woiteschek [sic] and asked whether in his opinion, Mr. Bruder's work activities as a floor hand on oil rigs was a substantial contributing factor to his current low back condition. On April 27, 2006, Dr. Woiteshek responded. Without explanation or elaboration, he simply stated, "It is my opinion *based on his complaints* that his work activities as a floor hand for Hamm's Well Service on the oil rigs for the past seven years are a substantial contributing factor to his current low back pain, upper back pain, and shoulder pain."

WSI concluded that "Dr. Woitesheck's [sic] opinion is not helpful" because "[i]t is based on Mr. Bruder's complaints and Dr. Woiteshek offers no explanation or foundation for his opinion." WSI also explained that Dr. Colon's opinion seemed to conflict with earlier statements in Dr. Colon's medical notes and did not address the relationship between Bruder's degenerative disc disease and his work activities:

On November 30, 2006, Mr. Bruder's attorney wrote to Dr. Manuel Colon and asked "is it more likely than not that his activities as a floor hand on oil rigs for the past 7 years is a substantial contributing factor (at least 51%) in his current low-back and upper-back conditions?" Dr. Colon responded that based upon his review of the medical records and Mr. Bruder's history, "it is very likely that his job related activities as a floor hand on oil rigs have been a substantial contributing factor in his current low back and upper back conditions. This is also aggravated by the fact that the patient has had back surgery in 1998, which can also lead to some postoperative complications such as chronic pain syndrome." Dr. Colon seems to say that Mr. Bruder's job was a substantial contributing factor in his current low back condition, and in addition, the back surgery may also have lead [sic] to postoperative complications. This opinion is not entirely consistent with his earlier notation that Mr. Bruder was in fact diagnosed with post laminectomy syndrome and that he was getting steroid injections "for further management of his lumbar post laminectomy syndrome." At that time, there was no equivocation as to whether the back surgery led to complications. Dr. Colon seems to now minimize the causal relation between the surgery and resulting low back problems. He does not address the relationship between Mr. Bruder's degenerative disc disease and his work activities.

In its conclusions of law addressing Dr. Woiteshek's and Dr. Colon's opinions, WSI noted that "neither opinion discloses or addresses the underlying facts or data supporting the opinion." WSI therefore concluded: "There is nothing to indicate that either doctor has accounted for other obvious alternative explanations, and that renders their opinions speculative and unhelpful."

[¶ 13] Dr. Peterson submitted a written opinion to WSI and also testified at the hearing. Dr. Peterson attributed Bruder's back pain to lumbar degenerative disc disease, and noted his history of disc disease with a prior L4–5 discectomy unrelated to work. Dr. Peterson testified at length, noting Bruder's history, other risk factors that were present, and the lack of a specific triggering work-related incident, and detailed potential causes and progression of back pain and degenerative disc disease. Dr. Peterson also explained why he disagreed with Dr. Woiteshek's and Dr. Colon's opinions, and gave his opinion that Bruder's work was not a substantial contributing factor to his back problems.

[¶ 14] WSI has adequately explained its rationale and reasoning for accepting Dr. Peterson's opinion and rejecting the opinions of Dr. Woiteshek and Dr. Colon. Dr. Woiteshek and Dr. Colon submitted only one-page, conclusory statements that, in their opinion, Bruder's employment was a substantial contributing factor to his back problems. They provided no explanation or basis for their opinions, and neither doctor testified at the hearing. By contrast, Dr. Peterson testified and gave a detailed explanation and analysis of Bruder's spinal condition and the underlying basis for his opinion that Bruder's work activities were not a substantial contributing factor to his back problems.

[¶ 15] In concluding that Bruder had sustained his burden of proof and demonstrated that his work was a substantial contributing factor to his medical condition, the district court admittedly reassessed the credibility of Dr. Peterson and Bruder's treating physicians and reweighed the medical evidence. It is not the function of the courts, however, to

make independent findings or substitute their judgment for that of the agency, *Reopelle*, 2008 ND 98, ¶ 9, 748 N.W.2d 722, and a court that reassesses credibility and reweighs the evidence violates the separation of powers and calls into question the constitutionality of its acts. *See Power Fuels*, 283 N.W.2d at 218–21. It is within the province of WSI to weigh the credibility of medical evidence and resolve conflicting medical opinions. *Huwe*, 2008 ND 47, ¶ 10, 746 N.W.2d 158. The function of the court is to determine only whether a reasoning mind reasonably could have determined that the factual conclusions reached were proved by the weight of the evidence from the entire record. *Reopelle*, at ¶ 9; *Power Fuels*, at 220.

[¶ 16] We have reviewed the record, and we conclude that WSI adequately explained its reasons for disregarding medical evidence favorable to Bruder and that a reasoning mind reasonably could have determined that the factual conclusions reached were proved by the weight of the evidence from the entire record. Accordingly, WSI's findings of fact were supported by a preponderance of the evidence.

## IV

[¶ 17] The district court determined that WSI acted without justification in denying benefits and therefore awarded costs and attorney fees to Bruder under N.D.C.C. § 28–32–50(1). Under that statute, costs and attorney fees are to be awarded if the claimant prevails and the court determines that the agency acted without substantial justification. Bruder is no longer the prevailing party, and the district court erred in determining WSI acted without substantial justification. Therefore, costs and attorney fees are not available under N.D.C.C. § 28–32–50(1).

## V

[¶ 18] The district court judgment, including the award of costs and attorney fees, is reversed, and WSI's final order denying benefits is reinstated.

[¶ 19] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER, MARY MUEHLEN MARING, and WILLIAM W. McLEES, D.J.

[¶ 20] The Honorable WILLIAM W. McLEES, D.J., sitting in place of CROTHERS, J., disqualified.