Filed 4/30/09 by Clerk of Supreme Court

Modified 6/17/09 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2009 ND 79

Greg M. Frokjer, DDS, Plaintiff and Appellant

v.

North Dakota Board of 

Dental Examiners, Defendant and Appellee

No. 20080200

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable Lawrence E. Jahnke, Judge.

AFFIRMED.

Opinion of the Court by Sandstrom, Justice.

Kerry S. Rosenquist (appeared), Rosenquist Arnason & Hankey, PLLP, 301 North 3rd Street, 3rd Floor, Suite 300, Grand Forks, N.D. 58203, William Michael, Jr. (argued), Gina Cesaretti (appeared), Thomas M. Jancik (on brief), Dorsey & Whitney, LLP, 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402, for plaintiff and appellant.

Douglas Alan Bahr, Solicitor General, Office of Attorney General, 500 North 9th Street, Bismarck, N.D. 58501-4509, for defendant and appellee.

Frokjer v. Board of Dental Examiners

No. 20080200

Sandstrom, Justice.

[¶1] Dr. Greg Frokjer appeals from a district court judgment affirming orders of the North Dakota Board of Dental Examiners that suspended his license to practice dentistry in North Dakota.  We affirm, concluding that Frokjer was not denied his right to a fair hearing before an impartial decision maker and that the Board’s findings of fact were supported by a preponderance of the evidence.

I

[¶2] Frokjer is an oral surgeon who practiced in Grand Forks for about twenty years.  In December 2006, the Board began disciplinary proceedings against Frokjer based on allegations he had inappropriately touched two female patients in a sexual manner during pre-operative physical examinations.  The Board subsequently amended the complaint to include similar allegations by two additional patients.  Each of the four patients alleged Frokjer inappropriately touched, cupped, or groped her breasts in a manner inconsistent with a medical breast examination.  In addition, one patient alleged Frokjer placed his hand inside her underwear and touched her vagina with his finger.

[¶3] Frokjer denied the allegations, claiming he was required by the hospital to perform a pre-operative physical examination on all of his surgical patients.  He  specifically denied performing breast examinations on two of the patients, and denied that the breast examinations he performed on the remaining two patients were abnormal or medically inappropriate.  He denied any inappropriate contact whatsoever with any of the four patients.  

[¶4] A hearing was held before an administrative law judge (“ALJ”), with five of the seven members of the Board attending the hearing.  The ALJ recommended findings of fact, conclusions of law, and order that the evidence did not establish, by the greater weight of the evidence, that Frokjer had acted in an unprofessional or dishonorable manner.  The ALJ recommended to the Board that the complaint against Frokjer be dismissed and that no disciplinary sanction be imposed.

[¶5] The Board adopted many of the ALJ’s recommended findings of fact, but disagreed with the ALJ on the credibility of the witnesses.  The Board issued its own findings of fact, conclusions of law, and order, specifically finding that the testimony of the complaining patients was more credible than the testimony of Frokjer and that Frokjer had touched the breasts of the four patients and the vagina of one patient in a dishonorable, unprofessional, and immoral manner.  The Board ordered Frokjer’s license to practice dentistry in the state suspended for six months, ordered Frokjer to complete forty hours of continuing education approved by the Board, and ordered Frokjer to pay the costs and attorney fees of the Board for the hearing.  The Board subsequently issued a separate order on costs and attorney fees, declining to assess costs or attorney fees against Frokjer because the complaint had not given notice to Frokjer that he might be subject to such costs and fees.

[¶6] Frokjer appealed to the district court from the Board’s order and sought to conduct discovery into alleged defects in the procedures followed by the Board.  The district court remanded the matter to the Board to determine whether the Board had considered extraneous matters outside the evidence presented at the hearing in reaching its decision.  Frokjer was given the opportunity to conduct discovery on this issue on remand. After considering the written discovery responses and additional information submitted by Frokjer, the Board issued an order on remand concluding that the Board had not considered matters outside the administrative hearing and that Frokjer had been afforded due process.

[¶7] Frokjer filed an amended notice of appeal to the district court, appealing from the original disciplinary order and the order on remand.  The district court affirmed the Board’s orders.

[¶8] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. §§ 28-32-42 and 43-28-21(2).  Frokjer’s appeal to this Court is timely under N.D.C.C. § 28-32-49.  This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 28-32-49.

II

[¶9] Appeals from the Board’s disciplinary orders are governed by the Administrative Agencies Practice Act, N.D.C.C. ch. 28-32.  N.D.C.C. § 43-28-21(2).  Courts exercise only a limited review in administrative appeals under N.D.C.C. ch. 28-32.  
Bergum v. North Dakota Workforce Safety & Ins.
, 2009 ND 52, ¶ 8; 
Bruder v. North Dakota Workforce Safety & Ins. Fund
, 2009 ND 23, ¶ 6, 761 N.W.2d 588; 
North Dakota State Bd. of Med. Exam’rs v. Hsu
, 2007 ND 9, ¶ 11, 726 N.W.2d 216.  Under N.D.C.C. § 28-32-46, the district court must affirm the order of the administrative agency unless:

1. The order is not in accordance with the law.

2. The order is in violation of the constitutional rights of the appellant.

3. The provisions of this chapter have not been complied with in the proceedings before the agency.

4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions of law and order of the agency are not supported by its findings of fact.

7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

8. The conclusions of law and order of the agency do not sufficiently explain the agency’s rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

On appeal from the district court’s decision in an administrative appeal, we review the agency order in the same manner.  N.D.C.C. § 28-32-49; 
Bruder
, at ¶ 6; 
Hsu
, at ¶ 12.  An agency’s decisions on questions of law are fully reviewable.  
Hsu
, at ¶ 12.  We exercise restraint, however, in reviewing an agency’s findings of fact, and we do not substitute our judgment for that of the agency or make independent findings of fact.  
See
 
Bruder
, at ¶ 7; 
Hsu
, at ¶ 12; 
Power Fuels, Inc. v. Elkin
, 283 N.W.2d 214, 220 (N.D. 1979).

III

[¶10] A medical professional’s interest in a license to practice is a substantial, constitutionally protected property right.  
Hsu
, 2007 ND 9, ¶ 27, 726 N.W.2d 216; 
 Jones v. North Dakota State Bd. of Med. Exam’rs
, 2005 ND 22, ¶ 14, 691 N.W.2d 251.  Accordingly, disciplinary proceedings against a dentist under N.D.C.C. ch. 43-

28 must provide due process protections, including the right to a fair hearing before an impartial decision maker.  
See, e.g.
, N.D.C.C. § 28-32-46(4); 
Singha v. North Dakota State Bd. of Med. Exam’rs
, 2000 ND 134, ¶¶ 18-20, 613 N.W.2d 34; 
State v. Brewer
, 444 N.W.2d 923, 925 (N.D. 1989); 
State v. Anderson
, 427 N.W.2d 316, 320 (N.D. 1988).  

[¶11] Frokjer contends the Board had a pecuniary interest in the outcome of the dispute, thereby depriving him of his due process right to an impartial decision maker.  Frokjer does not contend the Board members had an individual financial interest in the case, nor does he present any evidence of actual bias.  Frokjer’s argument is premised entirely upon his contention that the Board as an entity stood to benefit because N.D.C.C. § 43-28-21(1) authorizes the Board to assess costs, disbursements, and attorney fees incurred for the hearing if it finds the accusations contained in the complaint were established by substantial evidence.  

[¶12] When a party alleges lack of due process at an administrative hearing because of bias, we begin with the presumption that the Board regularly performed its duty and afforded the parties due process at the hearing by refusing to allow any possible previous bias or prejudgment to interfere with its decision based upon the evidence presented at the hearing.  
See, e.g.
, N.D.C.C. § 31-11-03(15); 
Singha
, 2000 ND 134, ¶ 20, 613 N.W.2d 34; 
Gale v. North Dakota Bd. of Podiatric Med.
, 1997 ND 83, ¶ 30, 562 N.W.2d 878; 
Opdahl v. Zeeland Pub. Sch. Dist. No. 4
, 512 N.W.2d 444, 447 (N.D. 1994); 
Froysland v. North Dakota Workers Comp. Bureau
, 432 N.W.2d 883, 893 (N.D. 1988).  The burden is upon the party alleging bias to overcome the presumption that the Board regularly performed its duty and refused to allow any preconceived biases to interfere with its decision.  
Singha
, at ¶ 20.  As this Court explained in 
Brewer
, 444 N.W.2d at 924 (quoting 
First Am. Bank & Trust Co. v. Ellwein
, 221 N.W.2d 509, 517 (N.D. 1974)):

Our trust must be in the integrity of legally constituted boards to act upon the evidence alone.  Judicial review of those actions is the ultimate due process protection accorded those aggrieved.

See also
 
Froysland
, at 893.  

[¶13] Frokjer attempts to overcome the presumption by suggesting that the mere fact the Board has the authority to assess costs and attorney fees for the hearing created a financial incentive for the Board to find against him.  If an administrative agency is deemed inherently biased merely because it has the authority to impose costs and attorney fees as part of the disciplinary process, numerous boards with the authority to render disciplinary decisions would automatically be considered biased and their disciplinary decisions would be rendered invalid.  
See
 N.D.C.C. § 43-01-16 (Abstracters’ Board of Examiners); N.D.C.C. § 43-02.2-09(3) (State Board of Accountancy); N.D.C.C. § 43-05-16.7 (Board of Podiatric Medicine); N.D.C.C. § 43-

06-15(8)(f) (Board of Chiropractic Examiners); N.D.C.C. § 43-10-16 (State Board of Funeral Service); N.D.C.C. § 43-12.1-13 (Board of Nursing); N.D.C.C. § 43-15-45 (State Board of Pharmacy); N.D.C.C. § 43-17-31.1 (State Board of Medical Examiners); N.D.C.C. § 43-19.1-25 (State Board of Registration for Professional Engineers and Land Surveyors); N.D.C.C. § 43-23-11.1 (State Real Estate Commission); N.D.C.C. § 43-29-16(2) (Board of Veterinary Medical Examiners); N.D.C.C. § 43-30-12 (Private Investigative and Security Board); N.D.C.C. § 43-40-

16.2 (Board of Occupational Therapy Practice); N.D.C.C. § 43-42-03(7) (State Board of Respiratory Care); N.D.C.C. § 43-47-07.1 (Board of Counselor Examiners).  

[¶14] Frokjer cites scant authority for his assertions, which would have a far-

reaching effect upon the authority of licensing boards to discipline those individuals whom they license.  Frokjer has not cited a single professional licensing case
 holding a licensing board or agency’s authority to assess costs or attorney fees in disciplinary proceedings renders the board or agency inherently biased in violation of due process.  In support of his broad assertion that “courts have consistently held that those with a financial stake in the outcome of a proceeding should not adjudicate such disputes,” Frokjer cites only 
Esso Standard Oil Co. v. Cotto
, 389 F.3d 212 (1st Cir. 2004), 
United Church of the Med. Ctr. v. Medical Ctr. Comm’n
, 689 F.2d 693 (7th Cir. 1982), and 
Ward v. Village of Monroeville
, 409 U.S. 57 (1972). The factual and procedural scenarios in those cases are markedly different from this case.  In 
Esso
, the Puerto Rico Environmental Quality Control Board imposed a $76 million fine against Esso for a gas leak at a service station.  Under Puerto Rican law the fine would “flow directly” to the Board’s budget, and the court further noted that the record contained “overwhelming,” “undisputed evidence of actual bias,” including biased hearing examiners, general unfairness throughout the hearings, procedural irregularities in the decision to assess the fine, pressure by the Puerto Rico Senate, and improper influence by a consultant.  
Esso
, at 219.  In 
United Church
, a statute gave the Medical Center Commission authority to preside over administrative proceedings to determine whether property in the Chicago Medical Center District was being used for a proper allowable purpose.  If the Commission found a nonuse or disuse, ownership of the property and all improvements reverted to the Commission.  
United Church
, at 699.  In 
Ward
, a mayor, who was responsible for revenue production for the village, also had statutory authority to act as judge and levy fines in cases involving ordinance violations and certain traffic offenses.

[¶15] There are critical distinctions between those cases and this case.  Most significantly, those cases involved imposition of fines or reversion of property which would greatly bolster the coffers of the respective governmental entities.  This case, however, involved only recoupment of costs and fees validly expended to conduct the hearing on a specific disciplinary complaint.  This case is therefore more akin to 
Gilman v. Nevada State Bd. of Veterinary Med. Exam’rs
, 89 P.3d 1000 (Nev. 2004), than to 
Esso
, 
United Church
, or 
Ward
.  In 
Gilman
, a veterinarian alleged the Nevada State Board of Veterinary Medical Examiners was biased because the Board was responsible for its finances and had a conflicting pecuniary interest in the outcome of his disciplinary proceedings through its authority to assess costs.  The court concluded that the veterinarian had failed to demonstrate bias, stressing the distinction between costs and fines:

Finally, “costs” are not “fines.”  The latter must be turned over to the state general fund in order to avoid the appearance of bias, unless an independent hearing officer is appointed to determine the case. However, the former are merely a recuperation of the expenses necessarily incurred in investigating alleged professional misconduct, a function in which the public has a strong interest, as it is one of the few means by which the public is protected from incompetence.  As stated previously, the Board’s ability to effectively perform its duty as a self-policing agency would be severely hampered if it were not able to recover the costs of an investigation and hearing.

Gilman
, 89 P.3d at 1005 (footnote omitted).  There is a significant analytical difference between an agency or board being allowed to assess fines against a party in an administrative proceeding and merely allowing the agency or board to recoup costs and fees properly expended on a disciplinary hearing.  An agency or board does not receive an actual “benefit” when its recoups costs and expenses for a hearing, but merely transfers financial responsibility for those costs and expenses to the individual who has necessitated them.  The mere fact that a board or agency has the authority to  assess costs and attorney fees in the disciplinary process does not render the board or agency inherently biased in violation of due process.

[¶16] We conclude Frokjer has failed to present evidence of bias sufficient to overcome the presumption that the Board regularly performed its duties and afforded Frokjer due process.

IV

[¶17] Frokjer contends the Board applied an improper evidentiary standard of proof when it found he had touched each of the complaining patients in a dishonorable, unprofessional, and immoral manner. 

[¶18] This issue arises from an apparent inconsistency between the provisions in N.D.C.C. ch. 43-28 governing dentist disciplinary proceedings and the Administrative Agencies Practice Act, N.D.C.C. ch. 28-32.  Section 43-28-21(1), N.D.C.C., indicates the Board may impose disciplinary sanctions upon a dentist if it finds the allegations in the complaint have been established by “substantial evidence”:

If the board finds and determines, after due hearing, that the accusations contained in the complaint have been established by substantial evidence, the board shall make its findings of fact, conclusions of law, and issue its order suspending or revoking the license and certificate of registration, or take any other disciplinary action the board finds appropriate, or order the dismissal of the proceedings upon the merits, for failure of proof.  If the dentist did not admit the truth of the charge prior to the hearing, and the board determines the accusations contained in the charge were established by substantial evidence, the board may assess the dentist for the board’s costs, disbursements, and attorney’s fees incurred for the hearing.

An appeal from the Board’s disciplinary order to the district court is governed by N.D.C.C. ch. 28-32.  N.D.C.C. § 43-28-21(2).  Under N.D.C.C. § 28-32-46(5), the district court reviews the Board’s findings of fact to determine whether they are supported by a preponderance of the evidence.  This Court has held that the preponderance of the evidence standard established by N.D.C.C. § 28-32-46(5) is both an appellate standard of review for the court and an evidentiary standard of proof for the administrative agency.  
Sjostrand v. North Dakota Workers Comp. Bureau
, 2002 ND 125, ¶ 24, 649 N.W.2d 537.

[¶19] Frokjer contends the Board was required to apply the preponderance of the evidence standard by the Administrative Agencies Practice Act and by the requirements of due process.  Frokjer argues N.D.C.C. § 43-28-21(1) must be harmonized with N.D.C.C. § 28-32-46(5), and the Board must find that the allegations in the complaint have been established by substantial evidence which rises “to the level of a preponderance of the evidence.”  Frokjer further contends that in accordance with this Court’s decision in 
Hsu
, 2007 ND 9, 726 N.W.2d 216, the preponderance of the evidence standard is the minimum evidentiary standard which will satisfy the requirements of due process.

[¶20] This Court will not consider or decide questions, particularly constitutional questions, that are not necessary to the determination of an appeal.  
E.g.
, 
State v. Friedt
, 2007 ND 108, ¶ 7, 735 N.W.2d 848; 
Billey v. North Dakota Stockmen’s Ass’n
, 1998 ND 120, ¶ 23, 579 N.W.2d 171; 
Peterson v. Peterson
, 1997 ND 14, ¶ 22, 559 N.W.2d 826.  We need not resolve the standard-of-proof issues raised in this case.  The Board, while initially citing the “substantial evidence” test in setting out its findings, also ruled in the alternative that each of its findings of fact was also supported by the preponderance of the evidence.  The Board clearly understood the potential conflict between the statutory provisions and expressly applied both standards of proof.  Under these circumstances, it is unnecessary for us to decide which statutory standard of proof applies or to determine whether application of the “substantial evidence” standard would violate due process. The Board considered and applied the more stringent preponderance of the evidence standard as an alternative basis for its findings of fact, and we will review its findings of fact under that standard.

V

[¶21] Frokjer contends the Board’s findings of fact are not supported by a preponderance of the evidence.

[¶22] As previously noted, this Court exercises only a limited review in appeals from administrative agency decisions under the Administrative Agencies Practice Act, N.D.C.C. ch. 28-32.  N.D.C.C. § 28-32-49; 
Bergum v. North Dakota Workforce Safety & Ins.
, 2009 ND 52, ¶ 8; 
Bruder v. North Dakota Workforce Safety & Ins. Fund
, 2009 ND 23, ¶ 6, 761 N.W.2d 588; 
Hsu
, 2007 ND 9, ¶ 11, 726 N.W.2d 216.  In particular, our review of an administrative agency’s findings of fact is narrowly circumscribed:

We exercise restraint in deciding whether the agency’s findings of fact are supported by a preponderance of the evidence, and we do not make independent findings or substitute our judgment for that of the agency.  In reviewing an agency’s findings of fact, we determine only whether a reasoning mind reasonably could have determined that the factual conclusions reached were proved by the weight of the evidence from the entire record.

Bruder
, at ¶ 7 (citations omitted); 
see also
 
Power Fuels
, 283 N.W.2d at 220.

[¶23] This case ultimately turned upon questions of credibility.  Frokjer seeks to cast the factual issues in terms of whether examinations of the breasts, lymph nodes, and femoral pulse may be appropriate incidents of a pre-operative examination by an oral surgeon.  The ALJ, to a certain extent, focused upon this issue and essentially found that this case involved a misunderstanding by the patients about the appropriate nature and extent of such a pre-operative examination.  The Board expressly rejected that reasoning, explaining in its findings of fact:

The Administrative Law Judge (ALJ) explains the complainant patients’ testimony about Dr. Frokjer touching their breasts and [one patient’s] testimony about Dr. Frokjer touching her vagina as a misunderstanding of the nature of the comprehensive physical examination (
i.e.
, the touching of the breasts were incidental to other aspects of the physical examination).  The Board rejects this explanation.  Although expert testimony explained there could be incidental touching of the breasts as part of the physical examination, the touching and cupping testified to and demonstrated by the complainant patients was materially different than the incidental touching explained in expert testimony.  For example, Dr. Frokjer did not use his hand in a cupping fashion to hold the breast up while listening to the heart.  Expert testimony stated the cupping as described and demonstrated by the witnesses was not appropriate as part of the examination.  Dr. Frokjer himself admits the “cupping” described by the complainant patients is not part of a comprehensive physical examination.  There is also no expert testimony stating a comprehensive physical examination includes touching the vagina, as testified to by [one patient].  To the contrary, expert testimony indicated touching the vagina would have no bearing on a femoral pulse examination.  And Dr. Frokjer denies any such touching.  Thus, the testimony of the complainant patients and Dr. Frokjer’s testimony cannot be reconciled as a simple misunderstanding.  Either the inappropriate touching testified to and demonstrated by the complainant witnesses occurred or it did not.  If it did, Dr. Frokjer’s actions were dishonorable, unprofessional, and immoral in violation of N.D.C.C. § 43-28-18(1).  Resolution of the conflicting testimony is an issue of credibility.

The Board then made detailed findings explaining why it did or did not find credible the testimony of particular witnesses, including Frokjer and the four patients.  Ultimately, the Board found the testimony of the patients was more credible than Frokjer’s testimony.  

[¶24] It is the administrative agency’s responsibility to assess the credibility of witnesses and resolve conflicts in the evidence, and reviewing courts do not reweigh the evidence, make independent findings of fact, or substitute their judgment for that of the agency.  
Drayton v. Workforce Safety & Ins.
, 2008 ND 178, ¶ 10, 756 N.W.2d 320; 
Hsu
, 2007 ND 9, ¶ 42, 726 N.W.2d 216; 
Kraft v. North Dakota State Bd. of Nursing
, 2001 ND 131, ¶ 25, 631 N.W.2d 572.  Applying our deferential standard of review, we conclude a reasoning mind reasonably could have determined that the factual conclusions reached were proved by the weight of the evidence from the entire record.  Accordingly, the Board’s findings of fact are supported by a preponderance of the evidence.

VI

[¶25] We have considered the remaining issues and arguments raised by the parties and find they are either unnecessary to our decision or are without merit.  The district court judgment affirming the orders suspending Frokjer’s license to practice dentistry is affirmed.  

[¶26] Dale V. Sandstrom

Daniel J. Crothers

Mary Muehlen Maring

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.