2009 ND 109

**Palmer J. MILLER, Claimant and Appellant**

v.

**WORKFORCE SAFETY AND INSURANCE, Appellee**

and

**Real Builders Inc., Respondent**

No. 20080238.

Supreme Court of North Dakota.

June 19, 2009.

Stephen D. Little, Dietz & Little Lawyers, Bismarck, N.D., for claimant and appellant.

Jacqueline Sue Anderson, Special Assistant Attorney General, Fargo, N.D., for appellee.

KAPSNER, Justice.

[¶ 1] Palmer Miller appealed from a district court judgment affirming the final order of North Dakota Workforce Safety and Insurance ("WSI") denying further

disability and vocational rehabilitation benefits. We affirm, concluding that the administrative law judge ("ALJ") did not err in conducting a de novo hearing on the merits on remand from this Court and that WSI's findings of fact are supported by a preponderance of the evidence.

## I

[¶ 2] Miller suffered a work-related lower back injury in July 1993 while employed with Real Builders, Inc. Miller applied for and received workers compensation benefits. Between 1993 and 2001, Miller underwent numerous functional capacity examinations ("FCEs") to determine his ability to return to gainful employment.

[¶ 3] The results of a March 2001 FCE indicated that Miller was capable of working full time at a light-duty job classification. In September 2001 WSI notified Miller of its intent to terminate his disability and vocational rehabilitation benefits effective October 19, 2001. Miller requested reconsideration, and in November 2001 WSI issued an order denying further benefits to Miller, finding that Miller was employable on a full-time basis as a telephone solicitor, customer service representative, floor walker, or mail clerk.

[¶ 4] Miller requested a formal hearing, which was held in December 2002. The ALJ issued recommended findings of fact, conclusions of law, and order, concluding that Miller was not employable on a full-time basis and could not obtain substantial gainful employment. The ALJ therefore concluded that WSI's rehabilitation plan had not identified an appropriate rehabilitation option and recommended that WSI's order denying further disability and vocational rehabilitation benefits be reversed. WSI rejected the ALJ's recommendations, concluded Miller was employable full time, and issued a final order denying further benefits.

[¶ 5] Miller appealed to the district court, which affirmed WSI's order. Miller then appealed to this Court, which, after remanding to WSI for consideration of further evidence, concluded that improper ex parte communications had taken place between WSI's outside legal counsel and Nick Jolliffe, WSI's claims director. This Court therefore reversed the district court judgment and remanded to WSI for a rehearing on the merits, with Jolliffe disqualified from participating. *See Miller v. Workforce Safety & Ins.*, 2006 ND 1, 707 N.W.2d 809; *Miller v. Workforce Safety & Ins.*, 2004 ND 155, 684 N.W.2d 641.

[¶ 6] On remand the case was assigned to a new ALJ, who conducted a de novo evidentiary hearing. The ALJ found that Miller was capable of full-time employment and recommended that Miller's benefits be terminated. WSI adopted the second ALJ's recommendations and issued a final order denying further disability and vocational rehabilitation benefits. Miller appealed to the district court, which affirmed WSI's final order.

## II

[¶ 7] Courts exercise a limited review in appeals from administrative agency decisions under the Administrative Agencies Practice Act, N.D.C.C. ch. 28–32. *Neuhalfen v. North Dakota Workforce Safety & Ins. Fund*, 2009 ND 86, ¶ 9, 765 N.W.2d 681; *Bruder v. North Dakota Workforce Safety & Ins. Fund*, 2009 ND 23, ¶ 6, 761 N.W.2d 588. Under N.D.C.C. § 28–32–46, the district court must affirm an administrative agency order unless:

1. The order is not in accordance with the law.

2. The order is in violation of the constitutional rights of the appellant.

3. The provisions of this chapter have not been complied with in the proceedings before the agency.

4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions of law and order of the agency are not supported by its findings of fact.

7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

On appeal from the district court's decision in an administrative appeal, we review the agency order in the same manner. N.D.C.C. § 28–32–49; *Neuhalfen*, at ¶ 9; *Bruder*, at ¶ 6.

■■■■ [¶ 8] This Court exercises restraint in deciding whether the agency's findings of fact are supported by a preponderance of the evidence, and we do not make independent findings or substitute our judgment for that of the agency. *Neuhalfen*, 2009 ND 86, ¶ 10, 765 N.W.2d 681; *Bruder*, 2009 ND 23, ¶ 7, 761 N.W.2d 588; *Power Fuels, Inc. v. Elkin*, 283 N.W.2d 214, 220 (N.D.1979). In reviewing an agency's findings of fact, we determine only whether a reasoning mind reasonably could have determined that the factual conclusions were proved by the weight of the evidence from the entire record. *Neuhalfen*, at ¶ 10; *Bruder*, at ¶ 7; *Power Fuels*, at 220.

### III

■■■ [¶ 9] Miller contends he did not receive a fair hearing because the second ALJ should not have held a de novo evidentiary hearing.

[¶ 10] In the prior appeal in this case, we reversed and remanded "with direction for a rehearing on the merits with the agency head, Jolliffe, disqualified from participation." *Miller*, 2006 ND 1, ¶ 28, 707 N.W.2d 809. Miller argues WSI's rehearing process is governed by N.D.C.C. § 65–01–16(8), which does not authorize a hearing de novo. That statute, however, expressly provides that a "rehearing" is equivalent to a hearing under N.D.C.C. ch. 28–32, and envisions appointment of a hearing officer to issue recommended findings, conclusions, and orders:

> Rehearings must be conducted as hearings under chapter 28–32 to the extent the provisions of that chapter do not conflict with this section. The organization may arrange for the designation of hearing officers to conduct rehearings and issue recommended findings, conclusions, and orders. In reviewing recommended findings, conclusions, and orders, the organization may consult with its legal counsel representing it in the proceeding.

Within the parlance of our workers compensation law and procedure, a rehearing is an evidentiary hearing. *See, e.g., Lawrence v. North Dakota Workers Comp. Bureau*, 2000 ND 60, ¶ 30, 608 N.W.2d 254; *Boger v. North Dakota Workers Comp. Bureau*, 1998 ND 131, ¶ 8, 581 N.W.2d 463; *Steele v. North Dakota Workmen's Comp. Bureau*, 273 N.W.2d 692, 701 (N.D. 1978). If we had intended to remand solely for reinstatement of the first ALJ's recommended findings of fact, conclusions of law, and order, as urged by Miller, we would have expressly done so. *See Scott v. North Dakota Workers Comp. Bureau*,

1998 ND 221, ¶¶ 22–23, 587 N.W.2d 153. We conclude the ALJ did not err in conducting a de novo evidentiary hearing upon remand from this Court.

## IV

[¶ 11] Miller contends WSI's findings of fact are not supported by a preponderance of the evidence, alleging the rehabilitation program created by WSI for Miller in 2001 was inappropriate because the greater weight of the evidence shows that he was not, and is not, employable on a full-time basis and therefore cannot obtain substantial gainful employment as defined under N.D.C.C. § 65–05.1–01(3). Specifically, Miller alleges that the second ALJ and WSI did not sufficiently consider the results of FCEs conducted prior to the March 2001 FCE and the effect of Miller's depression and anxiety on his ability to work full time.

[¶ 12] In this case, there were numerous FCEs conducted between 1994 and 1999 which produced varying results. At the time WSI determined Miller was capable of returning to full-time employment in late 2001, the most recent FCE, from March 2001, found that Miller was capable of working at a light-duty level on a full-time basis. WSI also presented the testimony of Dr. Redington, Miller's long-time treating chiropractor, who expressed his opinion that in 2001 Miller was capable of working full time in a light-level capacity. Dr. Redington also agreed with the results of the March 2001 FCE and approved the job goals in Miller's vocational plan. In addition, WSI relied upon the report and testimony of Dr. Virdee, a psychiatrist, who gave her opinion that Miller's depression and anxiety were not severe enough to interfere with his ability to seek, obtain, and retain full-time employment in the job categories identified in WSI's vocational rehabilitation plan. Miller contends, however, that this evidence is outweighed by the opinions of his other doctors and the results of the other FCEs.

[¶ 13] We have consistently held that, when presented with conflicting expert medical opinions, it is for WSI to weigh credibility and resolve conflicts:

WSI has the responsibility to weigh the credibility of medical evidence and resolve conflicting medical opinions. When confronted with a classic "battle of the experts," a fact-finder may rely upon either party's expert witness. Although WSI may resolve conflicts between medical opinions, the authority to reject medical evidence selectively does not permit WSI to pick and choose in an unreasoned manner. WSI must consider the entire record, clarify inconsistencies, and adequately explain its reasons for disregarding medical evidence favorable to the claimant.

*Bruder*, 2009 ND 23, ¶ 9, 761 N.W.2d 588 (quoting *Huwe v. Workforce Safety & Ins.*, 2008 ND 47, ¶ 10, 746 N.W.2d 158).

[¶ 14] The second ALJ painstakingly summarized the voluminous medical evidence, including the conflicting opinions of the various doctors and other medical professionals, and provided an in-depth analysis of his reasons for accepting certain opinions and rejecting others. He also explained why he placed greater weight upon the result of the March 2001 FCE, which concluded Miller was capable of working full time at a light-duty level. WSI adopted the second ALJ's recommendations and reasoning.

[¶ 15] This case presents a classic battle of the experts. Therefore, it was for WSI to weigh the credibility of the medical evidence and resolve conflicting medical opinions, and this Court's review is limited to determining whether a reasoning mind reasonably could have determined that the factual conclusions were proved by the

weight of the evidence from the entire record. *Bruder*, 2009 ND 23, ¶ 15, 761 N.W.2d 588. Based on our review of the record and our limited standard of review, we conclude that a reasoning mind reasonably could have determined that the factual conclusions reached were proved by the weight of the evidence from the entire record. Accordingly, WSI's findings of fact were supported by a preponderance of the evidence.

## V

[¶ 16] We have considered the remaining issues and arguments raised by the parties and find them to be either unnecessary to our decision or without merit. The district court judgment affirming WSI's final order denying further disability and vocational rehabilitation benefits is affirmed.

[¶ 17] GERALD W. VANDE WALLE, C.J., and BENNY A. GRAFF, S.J., MARY MUEHLEN MARING, and DALE V. SANDSTROM, JJ., concur.

[¶ 18] The Honorable BENNY A. GRAFF, S.J., sitting in place of CROTHERS, J., disqualified.